IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Altarique White, III,<br><br>    Plaintiff,<br><br>v.<br><br>Richland County Sheriff's Department and Leon Lott,<br><br>    Defendants. | C/A No.: 0:25-cv-12834-SAL<br><br><br>**ORDER** |

In October 2025, Plaintiff, a pretrial detainee at Richland County Detention Center ("RCDC"), filed a complaint under 42 U.S.C. § 1983 against the Richland County Sheriff's Department and Leon Lott. [ECF No. 1.] This matter is before the court on the Report and Recommendation (the "Report") by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 16.] The Report recommends dismissing Plaintiff's complaint without leave to amend for failure to state a claim on which relief may be granted. *Id.* Plaintiff was advised of his right to object to the Report and the consequences if he did not. *Id.* at 14. He has not expressly objected to the Report but has since filed multiple motions seeking dismissal of his state criminal charges. *See* ECF Nos. 18, 21, 24. For the reasons below, the court adopts the Report and denies his motions to dismiss.

## BACKGROUND

In his complaint Plaintiff claims false imprisonment, defamation of character, slander, subornation of perjury, and "many more violations" related to a pending state criminal case. *See* ECF No. 1.

1

The magistrate judge assigned to this case issued a proper form order and an order and notice advising Plaintiff of deficiencies in his complaint and giving him time to correct those defects. [ECF Nos. 7, 9.] Although Plaintiff filed some documents with the court after the proper form order, he did not correct the problems in his complaint. *See* ECF No. 12. The magistrate judge then issued her Report recommending dismissal of this case. [ECF No. 16.] Plaintiff was advised of his right to file objections to the Report, but he did not do so. *See id.* at 14. Instead, he filed multiple motions asking the court to dismiss the state court charges against him. *See* ECF Nos. 18, 21, 24.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court district. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law are incorporated from the Report. Briefly, in his complaint, Plaintiff seeks damages for pain and suffering related to his arrest and detention. But the Report explains this case is subject to summary dismissal for many reasons. For example, Defendant Richland County Sheriff's Department is not a proper defendant in a § 1983 suit. [ECF No. 16 at 6.] Defendant Lott is also subject to dismissal as Plaintiff makes no specific allegations against him. *Id.* at 6–7. As to Plaintiff's Fourth Amendment claims, those arguably depend on the pending criminal charges against him in state court, but for the reasons outlined in the Report, those are subject to dismissal, as Plaintiff has failed to plead facts that, if taken as true, would entitle him to relief. *Id.* at 7–10. The Report explains that Plaintiff's defamation, slander, and other claims should also be dismissed for failure to state a claim on which relief can be granted. *Id.* at 10–12. The court agrees and finds dismissal appropriate.

Rather than object to the recommended dismissal of his § 1983 action, Plaintiff filed three motions asking to have his state criminal charges dismissed. *See* ECF Nos. 18, 21, 24. But that relief is not available in a § 1983 action.[1] Plaintiff does not address the deficiencies in his § 1983 complaint or the reasons that magistrate judge recommends dismissal. *See Elijah*, 66 F.4th at 460 ("District courts are not expected to relitigate entire cases to determine the basis of a litigant's objection. If a litigant objects only generally, the district court reviews the magistrate judge's

---

[1] Plaintiff has separately moved for the dismissal of his state criminal charges in a habeas corpus action he filed under 28 U.S.C. § 2241, but that case was also dismissed. *See White v. Acting Director of Alvin S. Glenn Detention Center*, 1:25-cv-3496-SAL.

recommendation for clear error only." (internal citations omitted)). Even under a de novo review, the court would adopt the magistrate judge's conclusions and recommendation. If Plaintiff's motions to dismiss are construed as objections to the Report, those objections are overruled.

## CONCLUSION

Finding no clear error in the Report, ECF No. 16, it is adopted and incorporated. For the reasons discussed above and in the Report, this action is **SUMMARILY DISMISSED** without prejudice and without leave for further amendment. Plaintiff's motions to dismiss, ECF Nos. 18, 21, 24, are **DENIED**.

**IT IS SO ORDERED.**

January 21, 2026                                    Sherri A. Lydon
Columbia, South Carolina                            United States District Judge